UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| **MAGGY FULLER ASHTON** | \* | **CIVIL ACTION NO:** |
| **VERSUS** | \* | **JUDGE** |
| **CROWLEY MARITIME CORPORATION, ET AL** | \* | **MAG.JUDGE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUIT UNDER JONES ACT AND
GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA**

**COMES NOW** Petitioner, MAGGY FULLER ASHTON, by and through her undersigned counsel, and hereby files this Complaint for damages and Demand for Jury Trial against Defendants CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., MARINE PERSONNEL AND PROVISIONING, LLC., and/or HAPAG-LLOYD USA, LLC. Petitioner appears before this Court in the above-entitled matter and for her complaint states as follows:

**I**

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the Jones Act (46 U.S.C.A. § 30104) and General Maritime Law of the United States of America.

**II**

Made defendants herein are the following:

A. **CROWLEY MARITIME CORPORATION** (hereinafter referred to as **"CROWLEY"),** a foreign corporation domiciled in the State of Delaware; residing in the City of Jacksonville, State of Florida; authorized to do and doing business in this State and in this District; whose Registered Agent for Service is Corporate Creations Network,

Inc., 801 U.S. Hwy. 1, North Palm Beach, Florida 33408;

B. **MARINE PERSONNEL AND PROVISIONING, LLC** (hereinafter referred to as **"MARINE"**), a foreign corporation domiciled in the State of Delaware; residing in the City of Jacksonville, State of Florida; authorized to do and doing business in this State and in this District; whose Registered Agent for Service is Corporate Creations Network, Inc., 801 U.S. Hwy. 1, North Palm Beach, Florida 33408; and

C. **CROWLEY LINER SERVICES, INC**. is a Delaware Corporation with a principal place of business located in Jacksonville, Florida.

D. **HAPAG-LLOYD USA, LLC** (hereinafter referred to as **"HL USA"**), a foreign corporation domiciled in the State of Delaware; residing in the City of Tampa, State of Florida; authorized to do and doing business in this State and in this District; whose Registered Agent for Service is C T Corporations System, 1200 S. Pine Island Rd., Ste. 250, Plantation, Florida 33324-4459.

### III

Pursuant to 46 U.S.C. § 31104 and 28 U.S.C. § 1391, venue is proper since defendants reside, maintain principal offices, engage in and conduct business within this district.

### IV

Defendants, **"CROWLEY", "MARINE",** and **"HL USA"** are justly and truly indebted unto Petitioner, **MAGGY FULLER ASHTON,** as follows.

### V

### FACTS

On or about August 30, 2020, Petitioner, **MAGGY FULLER ASHTON** was permanently and exclusively employed by defendant(s), **"CROWLEY"** and/or **"MARINE",** and assigned as a

Second Mate working aboard the M/V YORKTOWN EXPRESS, a vessel in navigation owned and/or operated by **"HL USA"**.

## VI

At all times mentioned hereinafter, Petitioner, **MAGGY FULLER ASHTON,** was a Jones Act Seaman, working aboard the cargo ship M/V YORKTOWN EXPRESS, and acting in furtherance of and contribution to the mission of the vessel.

## VII

Upon information and belief, on or about August 30, 2020, Petitioner, **MAGGY FULLER ASHTON**, was working as the Mate on Watch aboard the M/V YORKTOWN EXPRESS on six hours on, six hours off watch schedule.

## VIII

During her cargo inspection aloft, Petitioner discovered that some lashing had been missed by vessel crew members. Petitioner set out to go down to the main deck to notify her fellow crew members about the missing lashes. To get down to the main deck, petitioner was required to climb down a steel, vertical-climb ladder among the containers stacked on the weather deck. Upon information and belief, the ladder rungs were not constructed of a non-skid surface, nor was there non-skid applied to the ladder rungs. Moreover, due to the inherently and uniquely maritime characteristic of the mechanism of the Petitioner's injury, notice should not be required in this case because a steel vertical-climb ladder on a container ship is clearly linked to nautical adventure and is not commonly encountered on land.

## IX

As Petitioner made her descent down the ladder, her right foot slipped from the ladder rungs.

X

Petitioner, who was holding onto the handrails, continued gripping the handrails in an effort to maintain contact with the ladder as she slid and fell all the way down the ladder to the main deck.

XI

Subsequent to her fall, Petitioner, while in a state of significant physical pain and shock, contacted the Chief Mate by radio to advise him of the incident. Sometime thereafter, a crane was used to lower a stretcher onto the deck of the vessel, and Petitioner was eventually transferred over the rail to the dock alongside the vessel, where an ambulance transported her to an area hospital.

XII

As a result of the incident complained of herein, Petitioner, **MAGGY FULLER ASHTON,** while employed by defendant, sustained severe disabling injuries to her mind and body, including but not limited to a right knee dislocation that required multiple surgeries, due to defendant's failure to follow established safety protocols and/or guidelines regarding the proper construction and/or use of ladders.

XIII

Upon information and belief, Petitioner remains unfit for duty aboard vessels.

XIV
COUNT I
JONES ACT NEGLIGENCE

Petitioner reiterates the allegations set forth in all paragraphs set forth above.

XV

The afore-described personal injuries suffered by Petitioner were not caused by any fault on her part but were caused as a direct result of the negligence of the defendant(s),

**"CROWLEY"** and/or **"MARINE",** its/their agents, servants and/or employees or anyone else for whom it/they may be responsible, in the following non-exclusive particulars:

- A.  Failing to provide petitioner a safe place to work;
- B.  Failing to properly construct and/or maintain the ladders on the vessel;
- C.  Failing to ensure that the ladder steps were made with a skid resistant material (i.e., a non-skid surface);
- D.  Failing to properly inspect the ladder;
- E.  Failing to properly supervise and instruct crew members;
- F.  Improper method of operation;
- G.  Violating any and all applicable U.S. Coast Guard and/or safety statutes intended to protect petitioner (negligence per se);
- H.  Failing to properly train;
- I.  Failing to provide reasonably safe and proper equipment;
- J.  Unsafe method of work; and
- K.  Any and all other acts and/or omissions constituting negligence that are established through discovery and/or at trial on the merits.

## XVI

### COUNT II
### GENERAL MARITIME LAW
### UNSEAWORTHINESS AGAINST ALL DEFENDANTS

Petitioner reiterates the allegations set forth in all paragraphs set forth above.

## XVII

The personal injuries suffered by Petitioner were due to no fault of hers but were caused by the unseaworthiness of defendant **"HL USA's"** vessel, the M/V YORKTOWN EXPRESS.

### XVIII

The vessel was unseaworthy because the improper, unsafe condition of the ladder, which at all times pertinent hereto was/is an appliance appurtenant to the vessel, rendered the M/V YORKTOWN EXPRESS unfit for its intended use.

### XIX

This cause of action is brought under general maritime law for unseaworthiness.

### XX

### COUNT III
### GENERAL MARITIME LAW
### MAINTENANCE AND CURE

Petitioner reiterates the allegations set forth in all paragraphs set forth above.

### XXI

Pursuant to the General Maritime Law of the United States of America, defendant, **"CROWLEY",** has the absolute duty to provide petitioner with maintenance and cure benefits from the date petitioner was rendered unfit for duty until maximum cure is reached.

### XXII

Upon information and belief, defendant(s) **"CROWLEY"** and/or **"MARINE"** has/have violated and/or continues to violate its/their absolute duty to provide petitioner with timely and proper maintenance and cure benefits.

### XXIII

In the event that defendant(s) **"CROWLEY"** and/or **"MARINE"** is/are deemed to have acted in an arbitrary and capricious manner in failing to honor its/their absolute duty to provide

Petitioner with maintenance and cure benefits, Petitioner is entitled to Punitive Damages for defendant(s)' arbitrary and capricious conduct.

## DAMAGES

### XXIV

Petitioner reiterates the allegations set forth in all paragraphs set forth above.

### XXV

As a direct and proximate result of the aforementioned negligence of defendant(s) **"CROWLEY"** and/or **"MARINE"**, its/their agents, servants and/or employees or anyone else for whom it/they may be responsible, and/or as a proximate result of the unseaworthiness of defendant **"HL USA's"** vessel, the **M/V YORKTOWN EXPRESS**, Petitioner has sustained severe and permanently disabling injuries which combine to cause the following pecuniary and non-pecuniary losses:

    A.    Physical and mental pain and suffering, past, present and future;

    B.    Mental anguish and emotional distress, past, present and future;

    C.    Loss of wages and benefits and impairment of earning capacity, past, present, and future;

    D.    Medical and pharmaceutical expenses, past, present and future;

    E.    Loss of enjoyment of life, past, present and future;

    F.    Permanent physical disability and impairment of bodily function, past, present and future; and

    G.    Disfigurement and scarring.

All in amounts reasonable in the premises to be determined at the trial of this matter, plus

legal interest and cost from the date of judicial demand until paid.

**WHEREFORE,** Petitioner prays that defendants, **CROWLEY MARITIME CORPORATION, MARINE PERSONNEL AND PROVISIONING, LLC**, and **HAPAG-LLOYD USA, LLC**, be served with a copy of this petition and cited to appear and answer same and that after the expiration of all legal delays and due proceedings had, there be judgment rendered in favor of Petitioner and against defendants for compensatory damages, consequential damages, and punitive damages in an amount to be determined at trial, as well as interest, costs, and for such further and other relief as this Court deems appropriate and Petitioner demands a trial by jury.

Respectfully  submitted this 29th of August 2023,

/s/ Adria G. Notari
**ADRIA G. NOTARI**
Florida Bar No. 87272
NOTARI LAW, P.A.
1820 SW 14th Court
Fort Lauderdale, Florida 33312
Telephone: (954) 257-9028
Fax: (954) 231-1128
E-mail: anotari@NotariLaw.com

OF COUNSEL:

**SORRELS LAW**

/s/ David L. McNeal
David L. McNeal
State Bar No. 24095079
5300 Memorial Drive, Suite 270
Houston, Texas 77007
T: (713) 496-1100
F: (713) 238-9500
david@sorrelslaw.com
eservice@sorrelslaw.com
*Attorneys for Plaintiff*